UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MAX REED II,

Plaintiff,

v.

JENNIFER NASH, ET AL.,

Defendants.

Case No. 2:23-cv-00176-ART-DJA

ORDER GRANTING SUMMARY
JUDGMENT
(ECF No. 22)

*Pro se* Plaintiff Max Reed II sued Defendants Jennifer Nash, Frank Dreesen, and others for violations of his due process rights at Southern Desert Correctional Center. (ECF No. 4.) This Court screened Plaintiff's Complaint, finding that Plaintiff stated a claim that Defendants Nash and Dreesen violated his procedural due process rights by placing him in administrative segregation without providing a reason. (ECF No. 3.) Defendants moved for summary judgment, and Plaintiff sought an extension to file his response. The extension passed, and Plaintiff never filed a response. The Court finds that although Plaintiff shows a potential constitutional violation, qualified immunity requires granting Defendants' motion for summary judgment.

## I.    FACTUAL BACKGROUND

In April 2022, while Plaintiff was incarcerated at Southern Desert Correctional Center (SDCC), prison officials placed Plaintiff in administrative segregation because of a "pending investigation" against him. (ECF No. 4 at 4.) Plaintiff alleged that SDCC's Associate Wardens, Defendants Jennifer Nash and Frank Dreesen, never provided him a due process hearing, despite regulations that require one within three days of being placed in administrative segregation. (*Id.* at 5.) Three-and-a-half months later, prison officials released Plaintiff from administrative segregation without explaining why he had been sent. (*Id.*) Plaintiff claimed to have not received a classification hearing every 30 days while in administrative segregation. (*Id.*) Plaintiff filed grievances related to his

1    segregation. (*Id.* at 6–9.)

2        Plaintiff asserts that Nash and Dreesen violated his due process rights

3    when they failed to provide him with a due process hearing within three days of

4    being placed in administrative segregation, failed to allow him a chance to call

5    witnesses to contest his term of administrative segregation, and failed to hold

6    classification hearings every 30 days while he was in segregation. (ECF No. 4 at

7    9.)

8        Plaintiff seeks compensatory damages for being confined in segregation for

9    three-and-a-half months, for the loss of privileges and quality of life in his prison

10   living conditions, for being restricted to his cell for twenty-three hours a day, and

11   for loss of his ability to work, use educational and vocational programs, and

12   associate with other prisoners. (ECF No. 4 at 13.)

13       Defendants argue that Plaintiff received a hearing, and Plaintiff knew that

14   his term of administrative segregation had to do with his interactions with a

15   canteen employee. (*See* ECF No. 22.) Defendants provide evidence that a

16   caseworker visited Plaintiff's cell while he was in administrative segregation every

17   thirty days, but Plaintiff rejected these visits. (ECF No. 22-4 at 2.) Uncontested

18   records show that while in segregation Plaintiff took an anger-management class

19   (ECF No. 22-4), used the commissary (ECF No. 22-5 at 5–6), and used the phone

20   (ECF No. 22-6). Defendants argue that Plaintiff did not lose good-time credit or

21   access to vocational programs because he had not been enrolled in either before

22   entering segregation. (ECF No. 22 at 4.)

23   **II.    PROCEDURAL BACKGROUND**

24       The Court granted Plaintiff's Motion to Extend Time to respond to

25   Defendants' Motion for Summary Judgment. (ECF No. 40.) After Plaintiff did not

26   file a response, the Court gave another, final deadline to respond to Defendants'

27   motion. (ECF No. 41.) Several months before, the Court provided Plaintiff a notice

28   about the requirements for opposing a motion to summary judgment as required

by *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (ECF No. 23.)

**III.    STANDARD OF REVIEW**

**A. Summary Judgment**

A "court shall grant summary judgment [to a moving party] if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are drawn in the nonmovant's favor. *See id.* at 255. Where a defendant moves for summary judgment based on a claim for which the plaintiff bears the burden of proof, the defendant need only point to the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). After the movant has identified parts of the record that show the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

"Courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (citing *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). Pleadings filed by *pro se* litigants with contentions based on personal knowledge and attested to under perjury may be considered as evidence opposing summary judgment. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

**B. Qualified Immunity**

Once government-official defendants raise qualified immunity as a defense,

they avoid liability if the plaintiff cannot show that the official both violated a federal constitutional right and that the violation was clearly established. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024) (internal quotation marks and citations omitted). If the facts "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [defendant's] conduct violated a constitutional right," *Saucier*, 533 U.S. at 201, the court then considers if the right was clearly established at the time of the alleged violation. *Id.* A right is clearly established if, at the time of the challenged conduct, "every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citations and quotations omitted).

## IV.    DISCUSSION

Plaintiff states a potential Fourteenth Amendment procedural due process claim against Defendants, but qualified immunity applies because no law clearly establishes a protected liberty interest for the duration and severity of Plaintiff's term of administrative segregation. Because the Court finds that qualified immunity applies to Plaintiff's protected liberty interest, it is the only theory addressed, though Defendants argued additional theories in their motion. (*See* ECF No. 22.)

### A. Protected Liberty Interest in Avoiding Segregation

Plaintiff argues that he had protected liberty interest in avoiding administrative segregation, while Defendants respond that he did not. Under the Fourteenth Amendment, prisoners "may not be deprived of . . . liberty . . . without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A prisoner possesses a protected liberty interest when a change in confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Administrative segregation by itself does not violate a protected liberty

interest if the term is for a short period and does not substantially differ from conditions in general population. *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir 1997) (citing *Sandin*, 515 U.S. at 484); *see, e.g., Richardson v. Runnels*, 594 F.3d 666, 672-73 (9th Cir. 2010); *Keel v. Dovey*, 459 F. Supp. 2d 946, 952 (C.D. Cal. 2006). Longer periods of administrative segregation with more severe conditions may rise to the level of "atypical and significant hardship." *Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996) (reversing summary judgment and remanding to determine if six-month stay in intensive management unit implicated a liberty interest), *amended by Keenan v. Hall*, 135 F.3d 1318 (9th Cir. 1998); *Brown v. Oregon Dept. of Corrections*, 751 F.3d 983, 987-90 (9th Cir. 2014) (twenty-seven months in intensive management unit without periodic review implicated liberty interest).

Plaintiff's three-and-a-half-month term of administrative segregation was atypical and posed a significant hardship compared to life in general population. *See id.* (confinement in cell for over twenty-three hours a day with almost no interpersonal contact or privileges relevant to liberty interest). Plaintiff spent three-and-a-half months confined to his cell for twenty-three hours a day, deprived of most of his personal property, unable to work or associate with other prisoners. (ECF No. 4 at 13.) Plaintiff alleged that he lost six days of good-time credit for each month in segregation. (*Id.*) Defendants' evidence that Plaintiff used the commissary, telephone, and an educational program while in segregation weigh against finding a constitutional violation, but they do not preclude finding that Plaintiff's term in segregation posed an atypical and significant hardship.

**B. Clearly Established Law**

Plaintiff has not shown that officials violated clearly established law by depriving him of his protected liberty interest. At step two of the qualified immunity analysis, Plaintiff must show that Defendants' conduct violated clearly established law. "Even if a government official violates a constitutional right, the

official is entitled to qualified immunity unless the violated right was clearly established at the time of the incident." *Andrews v. City of Henderson*, 35 F.4th 710, 717 (9th Cir. 2022). "Clearly established" means that "it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Saucier*, 533 U.S. at 202. "The Supreme Court has increasingly reiterated that to meet this standard a right 'must be defined with specificity' rather than 'at a high level of generality.'" *Andrews*, 35 F.4th at 718 (internal citations omitted). A "case directly on point," however, is not required. *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 4-5 (2021) (citation omitted). Rather, "existing precedent must have placed the . . . constitutional question beyond debate." *Id.* (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017)).

No clearly established law shows that a three-and-a-half-month term of administrative segregation violates the federal constitution. Plaintiff's term of administrative segregation is longer than others found not to constitute a protectable liberty interest, but it is substantially shorter than cases where a protected liberty interest has been found. *Compare Sandin*, 515 U.S. at 487 (thirty days insufficient to establish liberty interest), *and Richardson*, 594 F.3d at 672-73 (sixteen days insufficient), *with Keenan*, 83 F.3d at 1088 (six-month confinement may implicate liberty interest), *and Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (twenty-four months of segregation may implicate liberty interest), *and Brown*, 751 F.3d at 988 (twenty-seven months in intensive management unit "crucial factor" in finding constitutional violation). Defendants' uncontested evidence that Plaintiff had access to phone, commissary, and at least one educational opportunity also meaningfully distinguishes this case from those where a protectable liberty interest was found. *See Brown*, 751 F.3d at 985 (no access to phones); *Keenan*, 83 F.3d at 1092 (no access to canteen).

No clearly established law shows that Plaintiff had a protectible liberty interest in avoiding a three-and-a-half-month term of segregation with near total

social isolation but access to some privileges. Accordingly, Defendants' alleged conduct did not violate clearly established law, and Defendants are entitled to qualified immunity.

**V.    CONCLUSION**

It is therefore ordered that Defendants' motion for summary judgment (ECF No. 22) is granted.

The Court instructs the Clerk to enter judgment accordingly and close the case.


DATED THIS 19th day of March 2025.



_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE